1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7              EASTERN DISTRICT OF CALIFORNIA
8

9  ROBERT E. HARRIS,              )    1:07-cv-1210 OWW SMS
                                  )
10              Plaintiff,        )    SCHEDULING CONFERENCE ORDER
                                  )
11     v.                         )    Discovery Cut-Off: 1/30/09
                                  )
12  CITY OF FRESNO,               )    Non-Dispositive Motion
                                  )    Filing Deadline: 2/9/09
13              Defendants.       )
                                  )    Dispositive Motion Filing
14  _____)    Deadline: 2/23/09

15                                     Settlement Conference Date:
                                       2/11/09 10:00 Ctrm. 7
16
                                       Pre-Trial Conference
17                                     Date: 5/4/09 11:00 Ctrm. 3

18                                     Trial Date: 6/16/09 9:00
                                       Ctrm. 3 (JT-8 days)
19

20

21  I.   Date of Scheduling Conference.

22       May 23, 2008.

23  II.  Appearances Of Counsel.

24       Law Office of Bowman Foos by Sean Gavin, Esq., appeared on

25  behalf of Plaintiff.

26       Betts & Wright by Joseph D. Rubin, appeared on behalf of

27  Defendant.

28  ///

                              1

III.   Summary of Pleadings.

1.   **Plaintiff**:  Plaintiff contends that the statements and conduct on the part of the Defendants represent a violation of Title VII of the Civil Rights Act of 1964, FEHA, and California Government Codes §§ 12900 et seq. and 12940 et seq.  As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits, other out of pocket losses and has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof at time of trial.

2.   **Defendant**:  Defendant contends that it has not violated Title VII, 42 U.S.C. § 1981 and/or FEHA in the treatment of Plaintiff.  Moreover, Plaintiff's claims are barred by the affirmative defenses raised in the pleadings, including statute of limitations.

IV.   Orders Re Amendments To Pleadings.

1.   At this time, the parties do not anticipate any amendments.  However, due to the fact that discovery has just recently commenced, the parties have not had sufficient opportunity to determine the underlying facts and contentions. As a result, it may be necessary to amend the pleadings at a later date.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff is a resident of Fresno County.

2.   Plaintiff is employed by the City of Fresno in the Water Division as an Engineering Tech II.

2

1        3.    Plaintiff filed a single complaint with DFEH/EEOC
2    on or about August 21, 2006.
3        4.    Plaintiff is African-American.
4        5.    Plaintiff is a citizen of the United States.
5        6.    The City of Fresno is a charter city under the
6    laws of the State of California.
7    B.    Contested Facts.
8        1.    All remaining facts are contested.
9    VI.  Legal Issues.
10   A.    Uncontested.
11       1.    Jurisdiction exists under 28 U.S.C. § 1331 and 42
12   U.S.C. § 1983.
13       2.    Venue is proper under 28 U.S.C. § 1391.
14       3.    The parties agree that the substantive law of the
15   State of California provides the rule of decision for
16   supplemental claims.
17   B.    Contested.
18       1.    All remaining legal issues are in dispute,
19   including but not limited to, whether Defendant is liable for
20   violation of 42 U.S.C. § 1981, Title VII or FEHA.
21       2.    Whether Plaintiff has properly exhausted his
22   administrative remedies.
23       3.    Whether Defendant was privileged and justified in
24   its actions with respect to Plaintiff.
25       4.    Whether Plaintiff suffered any damages.
26       5.    Whether Defendant caused any damages.
27       6.    Whether Plaintiff's claims are barred by the
28   affirmative defenses asserted by Defendant.

3

1        7.    Whether Plaintiff's claims are barred by the

2   statute of limitations.

3        8.    Whether Plaintiff has standing and/or private

4   right of action for these claims.

5   VII. Consent to Magistrate Judge Jurisdiction.

6        1.    The parties have not consented to transfer the

7   case to the Magistrate Judge for all purposes, including trial.

8   VIII.      Corporate Identification Statement.

9        1.    Any nongovernmental corporate party to any action in

10  this court shall file a statement identifying all its parent

11  corporations and listing any entity that owns 10% or more of the

12  party's equity securities.  A party shall file the statement with

13  its initial pleading filed in this court and shall supplement the

14  statement within a reasonable time of any change in the

15  information.

16  IX.  Discovery Plan and Cut-Off Date.

17       1.    The Court notes that the parties do not require

18  discovery limitations.

19       2.    The parties are ordered to complete all discovery on

20  or before January 30, 2009.

21       3.    The parties are directed to disclose all expert

22  witnesses, in writing, on or before November 28, 2008.  Any

23  rebuttal or supplemental expert disclosures will be made on or

24  before December 29, 2008.  The parties will comply with the

25  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

26  their expert designations.  Local Rule 16-240(a) notwithstanding,

27  the written designation of experts shall be made pursuant to F.

28  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

4

information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before February 9, 2009, and heard on March 13, 2009, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than February 23, 2009, and will be heard on March 30, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.   In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1.   May 4, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District

1   Judge.

2       2.   The parties are ordered to file a Joint Pre-
3   Trial Statement pursuant to Local Rule 281(a)(2).

4       3.   Counsel's attention is directed to Rules 281
5   and 282 of the Local Rules of Practice for the Eastern District
6   of California, as to the obligations of counsel in preparing for
7   the pre-trial conference.  The Court will insist upon strict
8   compliance with those rules.

9   XII. Trial Date.

10      1.   June 16, 2009, at the hour of 9:00 a.m. in Courtroom 3,
11  7th Floor, before the Honorable Oliver W. Wanger, United States
12  District Judge.

13      2.   This is a jury trial.

14      3.   Counsels' Estimate Of Trial Time:

15          a.   8 days.

16      4.   Counsels' attention is directed to Local Rules
17  of Practice for the Eastern District of California, Rule 285.

18  XIII.    Settlement Conference.

19      1.   A Settlement Conference is scheduled for February 11,
20  2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M.
21  Snyder, United States Magistrate Judge.

22      2.   Unless otherwise permitted in advance by the
23  Court, the attorneys who will try the case shall appear at the
24  Settlement Conference with the parties and the person or persons
25  having full authority to negotiate and settle the case on any
26  terms at the conference.

27      3.   Permission for a party [not attorney] to attend
28  by telephone may be granted upon request, by letter, with a copy

6

to the other parties, if the party [not attorney] lives and works
outside the Eastern District of California, and attendance in
person would constitute a hardship.  If telephone attendance is
allowed, the party must be immediately available throughout the
conference until excused regardless of time zone differences.
Any other special arrangements desired in cases where settlement
authority rests with a governing body, shall also be proposed in
advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement.
At least five (5) days prior to the Settlement Conference the
parties shall submit, directly to the Magistrate Judge's
chambers, a confidential settlement conference statement.  The
statement should not be filed with the Clerk of the Court nor
served on any other party.  Each statement shall be clearly
marked "confidential" with the date and time of the Settlement
Conference indicated prominently thereon.  Counsel are urged to
request the return of their statements if settlement is not
achieved and if such a request is not made the Court will dispose
of the statement.

5.   The Confidential Settlement Conference
Statement shall include the following:

a.   A brief statement of the facts of the
case.

b.   A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

7

1              c.    A summary of the proceedings to date.

2              d.    An estimate of the cost and time to be

3    expended for further discovery, pre-trial and trial.

4              e.    The relief sought.

5              f.    The parties' position on settlement,

6    including present demands and offers and a history of past

7    settlement discussions, offers and demands.

8    XIV. Request For Bifurcation, Appointment Of Special Master,

9    Or Other Techniques To Shorten Trial.

10        1.    Plaintiff opposes bifurcating the issue of liability

11   and the issue of damages.  As discovery proceeds, Plaintiff may

12   also request bifurcation of other issues.

13        2.    Defendant will likely request the issue of liability to

14   be decided before the issue of damages.  As discovery proceeds,

15   Defendant may also request bifurcation of other issues.

16   XV.  Related Matters Pending.

17        1.    There are no related matters.

18   XVI. Compliance With Federal Procedure.

19        1.    The Court requires compliance with the Federal

20   Rules of Civil Procedure and the Local Rules of Practice for the

21   Eastern District of California.  To aid the court in the

22   efficient administration of this case, all counsel are directed

23   to familiarize themselves with the Federal Rules of Civil

24   Procedure and the Local Rules of Practice of the Eastern District

25   of California, and keep abreast of any amendments thereto.

26   XVII.     Effect Of This Order.

27        1.    The foregoing order represents the best

28   estimate of the court and counsel as to the agenda most suitable

**8**

1   to bring this case to resolution.  The trial date reserved is

2   specifically reserved for this case.  If the parties determine at

3   any time that the schedule outlined in this order cannot be met,

4   counsel are ordered to notify the court immediately of that fact

5   so that adjustments may be made, either by stipulation or by

6   subsequent scheduling conference.

7        2.    Stipulations extending the deadlines contained

8   herein will not be considered unless they are accompanied by

9   affidavits or declarations, and where appropriate attached

10  exhibits, which establish good cause for granting the relief

11  requested.

12       3.    Failure to comply with this order may result in

13  the imposition of sanctions.

14  IT IS SO ORDERED.

15  Dated:   May 23, 2008                   /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28