1   **BETTS & WRIGHT, A Professional Corporation**
Attorneys at Law
2   P.O. Box 28550
Fresno, California 93729-8550
3   Telephone: (559) 438-8500
Facsimile:  (559) 438-6959
4
James B. Betts (State Bar #110222)
5   Joseph D. Rubin (State Bar #149920)

6   Attorneys for Defendant City of Fresno

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10                                          )   Case No. 1:07-CV-01210 OWW-SMS
    ROBERT B. HARRIS,                       )
11                                          )   ORDER REGARDING MOTIONS IN
                    Plaintiff,              )   LIMINE AND DESIGNATION OF
12                                          )   DEPOSITION TESTIMONY
         v.                                 )
13                                          )
    CITY OF FRESNO,                         )
14                                          )
                    Defendant.              )   Trial: July 28, 2009
15                                          )
                                            )
16   _____)

17

18        On June 15, 2009, a motion in limine conference was held in this matter.  Sean

19   Gavin appeared for Plaintiff Robert Harris.  James B. Betts and Joseph D. Rubin

20   appeared for Defendant City of Fresno.

21        Based upon the Court's review of the filed motions and opposition papers and

22   the argument of counsel, the Court ORDERS AS FOLLOWS:

23

24        1.    The Court denies Defendant's Motion in Limine (No. 1) to remand matter;

25        2.    The Court grants Defendant's Motion in Limine (No. 2) to exclude

26   character evidence subject to meeting the requirements of Rule 608 and establishing

27   the requisite foundation outside the presence of the jury.

28        3.    The Court grants Defendant's Motion in Limine (No. 3) to exclude

                                                                        Order re MILs

1 │ evidence of insurance.

2 │         4.      The Court grants Defendant's Motion in Limine (No. 4) regarding trial

3 │ publicity.

4 │         5.      The Court grants Defendant's Motion in Limine (No. 5) to exclude

5 │ evidence relating to other lawsuit(s), claims of harassment, discrimination or retaliation

6 │ and/or employee grievances involving defendant.

7 │         6.      The Court grants Defendant's Motion in Limine (No. 6) to preclude

8 │ evidence or assertion that Defendant violated his rights under FEHA as to

9 │ discrimination, under Title VII (retaliation and discrimination), and Section 1981

10 │ (discrimination and retaliation).  Plaintiff can present evidence of hostile work

11 │ environment beyond his compensable claims (i.e. within the statutory period) but such

12 │ evidence is only admissible if there is a sufficient foundational showing of a nexus

13 │ between any asserted act and  racial animus.

14 │         7.      The Court grants, in part, Defendant's Motion in Limine (No. 7) as to

15 │ limiting evidence as to previously adjudicated claims.  The parties will have an

16 │ opportunity to provide a proposed limiting instruction to the court for consideration.

17 │         8.      The Court grants Defendant's Motion in Limine (No. 8) to preclude Plaintiff

18 │ or any witness from testifying Plaintiff or the witness was "harassed" or were the subject

19 │ of "harassment" or a "hostile work environment," as inadmissable legal conclusions

20 │         9.      The Court grants Defendant's Motion in Limine (No. 9) to preclude Plaintiff

21 │ or witnesses from testifying that the alleged conduct was undertaken by supervisor or

22 │ agent under FEHA.  However, Plaintiff may introduce term as part of person's job

23 │ classification or title, or lay other foundational evidence.

24 │         10.     The Court grants Defendant's Motion in Limine (No. 10) to limit

25 │ harassment to the eleven claims identified in the motion.  The court allowed Plaintiff to

26 │ provide additional factual circumstances which he remembers by June 19, 2009.

27 │ Defendant City of Fresno will be entitled to conduct limited discovery on new claims,

28 │ and be able to address any additional claims at the July 17, 2009 hearing.

Order re MILs

1    11.    The Court grants, in part, Defendant's Motion in Limine (No. 11) to

2  preclude evidence of any claim of harassment before August 17, 2001.  In proving that

3  a hostile work environment existed after August 21, 2005, Plaintiff may introduce

4  statements or events that occurred before August 21, 2005, but those statements or

5  events are not compensable claims.

6    12.    The Court grants Defendants' Motion in Limine (No. 12) to exclude

7  evidence of claims of harassment prior to August 21, 2005.  In proving that a hostile

8  work environment existed after August 21, 2005, Plaintiff may introduce statements or

9  events that occurred before August 21, 2005, but those statements or events are not

10  compensable claims.

11    13.    The Court grants Defendant's Motion in Limine (No. 13) to exclude

12  evidence of economic damages.

13    14.    The Court grants Defendant's Motion in Limine (No. 14) to preclude

14  Plaintiff or others from testifying that the hostile work environment caused high blood

15  pressure or other medical conditions. Plaintiff can describe his symptoms, not medical

16  opinions.

17    15.    The Court grants Defendant's Motion in Limine (No. 15) to preclude

18  Plaintiff's counsel from making improper comments to the jury regarding damages; in

19  particular, attempting to put the jurors in the "shoes" of Plaintiff.

20    16.    The Court grants Defendant's Motion in Limine (No. 16) to exclude

21  Plaintiff's testimony that he was more qualified than the other applicants.  Plaintiff is

22  allowed to describe his qualifications and the qualifications of others, if he establishes

23  the requisite factual foundation and relevance.  However, Plaintiff is precluded from

24  testifying that he was "better qualified."

25    17.    The Court grants Defendant's Motion in Limine (No. 17) to exclude

26  evidence of post promotional activities/performance of the promoted individuals.

27

28    18.    The Court grants Defendant's Motion in Limine (No. 18) to exclude

Order re MILs

1   evidence of settlement offers.

2         19.    As to Plaintiff's designation of deposition testimony, Defendant's

3   objections are sustained, absent Plaintiff's submission of any response to said

4   objections requiring further analysis by this Court.  Absent Plaintiff's unavailability as a

5   witness (or Defendant's introduction of Plaintiff's deposition testimony), Plaintiff may not

6   introduce his own deposition testimony as evidence.  Additionally, colloquy and

7   objections of counsel at deposition shall not be introduced.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          Order re MILs

1      PROOF OF SERVICE

2

3          I am a citizen of the United States of America, a resident of Fresno County,

4   California, over the age of 18 years and not a party to the within-entitled cause or

5   matter.  My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460],

6   Fresno, California.  On June 19, 2009, I served **ORDER REGARDING MOTIONS IN**

7   **LIMINE AND DESIGNATION OF DEPOSITION TESTIMONY** on the parties in this

8   action by placing an original/a true copy in an envelope and delivering it as follows:

9

10  _____      **(By Overnight Courier)** I caused such envelope with postage fully

11              prepaid, to be sent by _____.

12

13  _____      **(By Mail)** I deposited the envelope, with postage fully prepaid, with the

14              United States Postal Service at Fresno, Fresno County, California.

15

16  _X__  **(By Mail)** I placed the envelope for collection and processing for mailing

17              following this business' ordinary practice with which I am readily familiar.  On the

18              same day correspondence is placed for collection and mailing, it is deposited in

19              the ordinary course of business with the United States Postal Service with

20              postage fully prepaid.

21

22  _____      **(By Hand)**I caused each envelope to be delivered by hand.

23

24  Each envelope was addressed as follows:

25

26

27  Sean Gavin, Esq.

28  The Law Offices of Bowman │ Foos

Order re MILs

1 │ 2151 River Plaza Drive, Suite 105

2 │ Sacramento, CA 95833

3

4

5 │ ___   **(By Telecopy)** I caused each document to be sent by telecopier to the

6 │ aforementioned number(s).

7

8 │ I declare under penalty of perjury under the laws of the State of California that

9 │ the above is true and correct.  Executed on June 19, 2009, at Fresno, California.

10

11

12 │ /s/ Debbie Mazza

13 │ Debbie Mazza

14

15

16

17 │ IT IS SO ORDERED.

18 │ **Dated:    June 24, 2009**            **/s/ Oliver W. Wanger**
   │                                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

- 6 -                                                                    Order re MILs