**BETTS & WRIGHT, A Professional Corporation**
Attorneys at Law
P.O. Box 28550
Fresno, California 93729-8550
Telephone: (559) 438-8500
Facsimile:  (559) 438-6959

James B. Betts (State Bar #110222)
Joseph D. Rubin (State Bar #149920)

Attorneys for Defendant City of Fresno

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. HARRIS,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO,<br><br>           Defendant. | Case No. 1:07-CV-01210 OWW-SMS<br><br>ORDER REGARDING ADDITIONAL MOTIONS IN LIMINE<br><br><br><br>Trial: July 28, 2009 |

On July 17, 2009, a motion in limine conference was held in this matter.  Sean Gavin appeared for Plaintiff Robert Harris.  James B. Betts and Joseph D. Rubin appeared for Defendant City of Fresno.

Based upon the Court's review of the filed motions and the argument of counsel, the Court ORDERS AS FOLLOWS:

    1.    The Court grants, in part, Defendant's Motion in Limine (No. 19) as follows:

        (1)    The alleged statement of Mr. McIntyre is precluded; however, Defendant is to advise the Court by noon on July 27, 2009, as to the availability of Mr. McIntyre and his recollection of the alleged

statement;

(2) The alleged statement of Mr. Little is precluded; however, Plaintiff may have the opportunity to voir dire the witness outside the presence of the jury as to whether he made the statement and his intent in making it;

(3) The alleged statement of Mr. Clark as to "plat boy" is precluded;

(4) The alleged statement of Mr. Clark as to Governor's name is permitted;

(5) the alleged statement of Mr. Anderson is precluded; however, Defendant is to advise the Court by noon on July 27, 2009, as to Mr. Anderson's availability and his recollection of the alleged statement; and

(6) the alleged statements of Mr. Schwartz are precluded; however, Defendant is to advise the Court by noon on July 27, 2009, as to Mr. Schwartz's availability and recollection of the alleged statements.

2. The Court grants Defendant's Motion in Limine (No. 20) to preclude Richard Short's alleged statement in 1999 – 2000 as referenced in the motion.

3. The Court grants Defendant's Motion in Limine (No. 21) to exclude any claim of a tangible employment action after August 21, 2005.


IT IS SO ORDERED.

**Dated:   July 24, 2009**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE